# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ISAAC WOLFE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:15CV00100 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **U.S. DISTRICT COURT, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondents. | ) | |

*Isaac Wolfe, Pro Se Petitioner.*

The petitioner, Isaac Wolfe, proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Wolfe, who was civilly committed after being found not guilty by reason of insanity, asserts that he should be released from the commitment because he is not a danger to himself or others. After review of the record, I conclude that this petition must be summarily dismissed without prejudice.

I.

A grand jury of this court returned an Indictment in September 2012, charging Wolfe with two counts of possession of multiple firearms and ammunition after having been committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4). *United States v. Wolfe*, 2:12CR00025. Shortly after Wolfe's arraignment, on a motion by the government, the court ordered that he be detained

for psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). In February 2013, based on the results of this examination, the court found Wolfe mentally incompetent to stand trial and ordered him committed for psychiatric treatment pursuant to 18 U.S.C. § 4241(d)(1). After a review of Wolfe's mental health status in August 2013, the court again ordered him committed for further treatment.

In January 2014, the court found Wolfe competent to stand trial. Shortly thereafter, Wolfe pleaded not guilty by reason of insanity, pursuant to a written Plea Agreement, to Count One of the Indictment. Pursuant to the Agreement, Wolfe was detained and committed for a psychiatric or psychological examination as required under 18 U.S.C. § 4243(b) to determine whether he should be released or whether his release would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. On June 10, 2014, I conducted a hearing and found that Wolfe had not proved by a preponderance of the evidence that his release would present no such risk and ordered that he be committed to the custody of the Attorney General under 18 U.S.C. § 4243(e).

Nine months later, Wolfe filed this § 2241 petition. He is now confined at the Federal Medical Center Devens in Massachusetts pursuant to my June 10, 2014, order of commitment. Wolfe asserts that his attorney provided ineffective


assistance at the June 2014 hearing and that the evidence presented was not sufficient to support my finding that Wolfe's release would present a substantial risk of bodily injury to persons or property, due to his mental illness. Wolfe also asserts that he does not now present such a risk and asks for a new evidentiary hearing on this issue, with new counsel.

II.

As an initial matter, I conclude that the defendant's § 2241 petition is not properly filed in this court. A petition under § 2241 must be brought in the district court with jurisdiction over the petitioner's custodian. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Wolfe, although convicted and sentenced in this court, is currently incarcerated at a federal medical center in Massachusetts. This court has no jurisdiction over the warden of the Massachusetts facility, who is Wolfe's current custodian and the proper respondent to his § 2241 petition.

While I could transfer Wolfe's petition to the appropriate court in Massachusetts, I do not find this disposition justified, because I do not believe Wolfe is eligible for habeas corpus relief in Massachusetts. "[H]abeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy.'" *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (quoting *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002); *see Stack v. Boyle*, 342 U.S. 1, 6-7 (1951)). Wolfe has another available remedy by which to seek review

of his commitment – namely, a motion under 18 U.S.C. § 4247(h) in this court to seek discharge from commitment. For this reason, Wolfe may not seek this remedy through a habeas petition elsewhere. *Archuleta*, 365 F.3d at 649.

Because I ordered Wolfe's commitment under 18 U.S.C. § 4243, I could construe and address Wolfe's § 2241 petition as a motion seeking discharge from commitment under § 4247(h). *Archuleta*, 365 F.3d at 649. However, I do not find that the facts of his case justify this disposition at this time.

When a federal criminal defendant has been found not guilty by reason of insanity and the presiding judge fails to find that the defendant's release would not pose "a substantial risk of bodily injury . . . due to a present mental disease or defect," the Attorney General must detain the defendant until the judge determines that the defendant's release no longer presents a substantial risk of harm. 18 U.S.C. § 4243(e),(f). The director of the facility where the defendant is committed must prepare an annual report concerning his mental condition and make recommendations concerning his continued commitment. 18 U.S.C. § 4247(e). The committed person's counsel or legal guardian may, at any time, file a motion seeking discharge from the commitment, but may not do so within 180 days of a court determination that the person should continue to be committed. § 4247(h).

In June 2015, Wolfe will reach the one-year anniversary of his commitment. The director of the facility where Wolfe is committed will soon prepare and submit

to me the statutorily required annual report of Wolfe's current mental condition and make recommendations about his future commitment or release. After I review the director's report, I will determine whether or not appointment of counsel for Wolfe and a discharge review hearing are warranted. In fact, § 4247(h) does not authorize filing or consideration of a pro se motion that seeks discharge from commitment.

For these reasons, I find no justification for construing and addressing Wolfe's current submission as a Motion for Discharge under § 4247(h). Instead, I will dismiss Wolfe's petition without prejudice. *See* Rules Governing § 2254 Cases 1(b), 4.

A separate Final Order will be entered herewith.

DATED: May 26, 2015

/s/ James P. Jones
United States District Judge

-5-

Case 7:15-cv-00100-JPJ-RSB   Document 9   Filed 05/26/15   Page 5 of 5   Pageid#: 31